UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EZEKIAL DINGLE,<br>        Petitioner, | : | |
| v. | : | No. 5:17-cr-00392 |
| UNITED STATES OF AMERICA,<br>        Respondent. | : | |

**O P I N I O N**
Motion Under Rule 60, ECF No. 29 – Dismissed

**Joseph F. Leeson, Jr.**        May 12, 2022
**United States District Judge**

In 2017, Petitioner Ezekial Dingle entered a plea to robbery and firearm charges. On April 5, 2018, he was sentenced consistent with the parties' plea agreement to a term of imprisonment of fifteen years. Now pending is Dingle's motion pursuant to Federal Rule of Civil Procedure 60(b), which for the reasons set forth below is dismissed.

**I.**  **BACKGROUND**

On July 25, 2017, an Indictment was filed against Dingle charging him with robbery which interferes with interstate commerce in violation of 18 U.S.C. § 1951(a) and with using, carrying, or brandishing of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). He pled guilty to both charges on December 6, 2017, in accordance with a written Plea Agreement made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Therein, the parties agreed that the appropriate sentence was 180 months of imprisonment, five (5) years of supervised released, a $200 special assessment, full restitution, a fine, if any, to be determined by the Court, and forfeiture. The Plea Agreement also included an appellate/collateral-attack waiver. *See* Plea ¶ 11, ECF No. 16. On April 5, 2018, Dingle was

sentenced consistent with the Plea Agreement to 180 months of imprisonment, five (5) years of supervised released, a $200 special assessment, restitution in the total amount of $2,654.64, and forfeiture of all firearms and ammunition.  He did not file a direct appeal of his sentence, nor a motion to vacate under 28 U.S.C. § 2255.

Dingle has filed a one-page motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(4), asserting lack of power, jurisdiction, standing, and void on face of judgment.  *See* Mot., ECF No. 29.  He cites to two civil rules for support and suggests that he has been kidnapped because of the limitations on detention provided for in 18 U.S.C. § 4001.

## II.     STANDARDS OF REVIEW

### A.     Motions under Rule 60 of the Federal Rules of Civil Procedure

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."  *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c).  These time limits do not apply to a challenge

under Rule 60(b)(4) to a void judgment because of its status as a nullity. *See United States v. One Toshiba Color TV*, 213 F.3d 147, 157 (3d Cir. 2000). The list of such infirmities that render a judgment void under Rule 60(b)(4), however, "is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270, (2010).

### B. Motions under 28 U.S.C. § 2255

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974); *O'Kereke v. United States*, 307 F.3d 117, 122-23 (3d Cir. 2002). There is a one-year period of limitation that applies to a § 2255 motion, which runs from the date on which the judgment of conviction becomes final.[1] *See* 28 U.S.C. § 2255(f)(1).

## III. ANALYSIS

### A. Dingle waived the right to file a Rule 60 motion.

The instant motion is subject to dismissal based on the collateral-attack waiver in Dingle's Guilty Plea Agreement. In the Plea Agreement, Dingle agreed that if the Court accepted the recommended sentence,[2] "he voluntarily and expressly waives all rights to collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution." *See* Plea ¶ 11. Dingle consented to the collateral-attack waiver by signing the written Plea Agreement. At the time of his guilty plea hearing, Dingle again acknowledged the waiver and told the Court that he understood and agreed to its terms. The Court found that his

---

[1] The other dates that could begin the one-year period of limitations have no applicability here. *See* 28 U.S.C. § 2255(f)(1).
[2] The Court did accept the recommended sentence.

plea, including his appellate and collateral-attack waiver, were knowingly and voluntarily made. *See United States v. Mortimer*, No. 05-186, 2007 U.S. Dist. LEXIS 24734, at *4 (W.D. Pa. Apr. 3, 2007) (dismissing the defendant's motion, whether characterized under Rule 60(b) or § 2255, because the defendant "clearly and unambiguously waived his right to file any collateral proceeding attacking his conviction or sentence"). Accordingly, Dingle waived the right to bring the instant motion. *See United States v. Murin*, No. 09-279, 2017 U.S. Dist. LEXIS 211897, at *13 (W.D. Pa. Dec. 27, 2017) (dismissing the Rule 60 motion because the claims were "barred by the waiver of his right to file a collateral attack"). Because the motion lacks merit,[3] enforcing the waiver would not work a miscarriage of justice. *See United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001) (holding that appellate waivers, "if entered into knowingly and voluntarily, are valid" and will be enforced if it would not work a miscarriage of justice). Dingle's Rule 60 motion is therefore dismissed pursuant to his collateral-attack waiver.

**B.      Neither Rule 60 nor § 2255 are available avenues for Dingle to seek relief.**

Even if Dingle was not barred from filing a collateral attack, his motion is improper under Rule 60 and untimely if construed under § 2255. "Rule 60(b) of the Federal Rules of Civil Procedure is not the proper vehicle for [a defendant] to challenge his sentence, as that rule applies to civil, not criminal, cases." *United States v. Mortimer*, 256 F. App'x 468, 469 (3d Cir. 2007). Similarly, Rule 60(b) is not a proper vehicle to challenge an underlying conviction, as such challenges must be raised under 28 U.S.C. § 2255. *See id.*; *Murin*, 2017 U.S. Dist. LEXIS

---

[3]    In the Rule 60(b)(4) motion, Dingle cites to Federal Rule of Civil Procedure 17(a), which addresses when a civil action may be brought in the name of the United States, and to Federal Rule of Civil Procedure 19, which provides for the joinder of parties in a civil action. These Rules govern civil proceedings and have no applicability to a criminal action. Dingle's reliance on 18 U.S.C. § 4001, which provides that no citizen may be imprisoned except pursuant to an Act of Congress, is similarly misplaced because Dingle is imprisoned by an act of Congress following his criminal conviction of two federal statutes. *See, e.g.* The Sentencing Reform Act of 1984, 98 Stat. 1987; 18 U.S.C. §§ 3551-3586, 3621-3626.

211897, at *5-8 (holding that a defendant may not challenge a criminal sentence under Rule 60(b) because the Federal Rules of Civil Procedure do not apply in criminal cases, and while Rule 60 can apply when used to challenge a previous habeas determination, a collateral attack on the defendant's sentence or conviction is treated as one under § 2255). A Rule 60(b) motion may, however, be used to attack the manner in which an earlier habeas judgment was procured. *See Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). As no habeas motion was ever brought in this case, Rule 60 offers Dingle no relief. Further, the time to file a § 2255 motion has expired so construing the motion under that section would offer no relief. Consequently, even if Dingle had not waived the right to bring a collateral attack, the instant motion is dismissed as improperly filed under Rule 60 and/or untimely under § 2255.

## IV. CONCLUSION

Dingle knowingly and voluntarily waived his right to file a collateral attack, which bars the instant motion. Moreover, Rule 60 is a Federal Rule of Civil Procedure that offers no relief in the instant criminal action because no habeas motion was previously filed. Furthermore, the time to file a habeas motion expired more than two years before the instant motion was filed. For all these reasons, the Rule 60 motion is dismissed.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge